**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WANDA WINTERS, Individually, and | ) | |
| as Special Administrator of the Estate of | ) | |
| WILLIE WINTERS, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 7276 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| COOK COUNTY and COOK COUNTY | ) | |
| SHERIFF THOMAS DART, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a civil rights and wrongful death case brought by Wanda Winters, individually and as Special Administrator of the Estate of Willie Winters against Cook County and Cook County Sheriff, Thomas Dart, arising out of Mr. Winters' death while an inmate at Cook County Jail on December 21, 2007. The case was prosecuted by Ms. Winters as the surviving spouse. The only asset of the Estate was the cause of action arising out of his death. Ms. Winters has been appointed Special Administrator by the Circuit Court of Cook County for the purpose of pursuing the claim.

On May 2, 2011, the parties having reached a settlement, the case was dismissed without prejudice. The court retained jurisdiction to enforce the settlement. The order of May 2nd provided that any party may file a motion to reinstate. The plaintiff has made an oral motion to reinstate in order that the further Motion for Approval of Wrongful Death Distribution [#132] may be decided. That oral motion is granted, and the Motion for Approval is granted for the following reasons.

Although the Illinois Wrongful Death Act has abandoned laws of intestate succession as a basis for determining how wrongful death proceeds are to be distributed among a class of eligible beneficiaries, the laws of intestacy have been retained as a means of identifying the members of the

class of eligible beneficiaries. 740 ILCS 180/2; *Booker v. Lal*, 312 Ill.App.3d 170, 726 N.E.2d 638 (1st Dist. 2000). Under the Illinois Probate Act, the laws of intestacy provide that the potentially eligible beneficiaries in this case include the surviving spouse and any children of the decedent. 755 ILCS 5/2-1. The Illinois Wrongful Death Act provides that any amount recovered "shall be distributed by the court in which the cause is heard" to the surviving spouse and next of kin "in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." 740 ILCS 180/2.

As stated in the Affidavit of Wanda Winters, attached to the Motion for Distribution, prior to his death, Mr. Winters had only sporadic employment, having been last employed five years prior to his death, and had not been providing support to his wife or to any other putative next of kin. Therefore, wrongful death damages in this case are limited to loss of society, which includes loss of the decedent's love, affection, care, attention, companionship, comfort, guidance and protection. *Reiser v. United States*, 786 F.Supp. 1334 (N.D. Ill. 1992).

Ms. Winters' affidavit also states that Mr. Winters may have been survived by two adult daughters born to two separate women to whom Willie Winters was never married. Plaintiff believes one to be named Jessica (last name unknown) and to be approximately 24 years old and the other to be named Holly Brown, who would be approximately 26 years old. Ms. Winters has sworn that their societal relationship with Mr. Winters was sporadic to non-existent. The current location of Holly and Jessica is unknown, and neither has come forward during the pendency of this litigation. The attorneys for Ms. Winters have contacted Willie Winters' mother, who also has no knowledge of the location or existence of any surviving offspring of Mr. Winters. According to the

Motion for Approval of Wrongful Death Proceeds, a review of the Cook County Jail visitation records of Willie Winters reflect that neither putative daughter of Willie Winters visited him at any time during his seven months of incarceration.

In Illinois, "dependency" within the meaning of the Illinois Wrongful Death Act implies a present existing relationship between two persons. *Matter of Griffy's Estate*, 64 Ill.App.3d 504, 507, 381 N.E.2d 755, 757 (5th Dist. 1978). Either a sporadic relationship, *Adams v. Turner*, 198 Ill.App.3d 353, 555 N.E.2d 1040 (5th Dist. 1990), or evidence of estrangement is sufficient to negate any presumption to entitlement to a share of wrongful death damages. *Eaglin v. Cook County Hospital*, 227 Ill.App.3d 724, 592 N.E.2d 205 (1st Dist. 1992); *Gabriel v. Ill. Farmers Insurance. Co.*, 171 Ill.App.3d 663, 525 N.E.2d 864 (1st Dist. 1988); *Matter of Estate of Lande*, 209 Ill.app.3d 55, 567 N.E.2d 668 (4th Dist. 1991).

The Affidavit of Wanda Winters, attached to the Motion for Approval, states that she has approved contractual attorneys' fees and expenses, as well as the net settlement to be distributed under the Illinois Wrongful Death Act. The counsel for the plaintiff has represented that the break-down of the actual distributions is not attached to the Motion due to the confidentiality clause in the settlement agreement with defendants. I have reviewed the distribution statement *in camera.*

Based on the above facts, I have concluded that the requested distribution of the net proceeds of the settlement in the case to Wanda Winters, as the sole dependent beneficiary under the Illinois Wrongful Death Act, should be and hereby is approved and the Motion for Distribution [#132] is granted.

In many ways this was a difficult case and the work performed by counsel for the plaintiff

was exceptional. The Motion for Distribution [#132] is granted. Since there has been full compliance with the settlement agreement, the case is dismissed with prejudice with each party to bear their own costs and fees.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/24/11